UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE IMC GROUP OF COMPANIES LTD., a/k/a and d/b/a THE IMC GROUP,<br><br>                              Plaintiff,<br><br>     -against-<br><br>TIMBERS RESORT MANAGEMENT, LLC, d/b/a TIMBERS RESORTS,<br><br>                              Defendant. | 1:19-cv-05639-PAE |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Daniel Graber
(DG 6115)
THE GRABER LAW FIRM
360 Lexington Avenue
Suite 1502
New York, New York 10017
Tel.: (212) 877-9009
E-mail: dgraber@graberfirm.com

        -and-

Robert D. Mitchell
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, 7th Floor
Phoenix, Arizona 85016
Tel: (602) 255-6000
E-mail: rdm@tblaw.com
*Pro hac vice application forthcoming*

Counsel for Defendant

**PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant hereby moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. As demonstrated below, the parties are not diverse and therefore this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a).

**BACKGROUND**

On June 17, 2019, Plaintiff filed its Complaint against Defendant Timbers Resort Management, LLC alleging breach of 2017 contracts for the alleged failure to pay for employment search services. *See generally* Complaint, ¶¶ 5, 6, and 8. Plaintiff alleged "Defendant Timbers Resort is a corporation organized and existing under the laws of the State of Colorado with its principal place of business in either the State of Colorado or the State of Florida" and that "[j]urisdiction in this court is proper under 28 U.S.C. §1332(a) because plaintiff is a citizen of the State of New York, and defendant is a citizen of the State of Colorado, and the amount in controversy . . . exceeds $75,000 exclusive of interest and costs." *Id.* ¶¶ 2-3. Those allegations regarding Defendant are incorrect.

Defendant Timbers Resort Management, LLC, formerly known as Timbers-Esperanza Management Company, LLC, is a Colorado limited liability company, not a Colorado corporation. *See* Timbers Resort Management, LLC Summary, History and Documents, *see* Ex. 1 to Declaration of Robert D. Mitchell ("Mitchell Decl."); Declaration of Gregory L. Spencer ("Spencer Decl.") ¶ 2, *see* Ex. 2 to Mitchell Decl. The initial member of Defendant Timbers Resort Management, LLC was Timbers Company, Inc., a Colorado corporation with its principal place of business in Colorado. *See* Spencer Decl. ¶ 3, Ex. 2 to Mitchell Decl.; January 17, 2003 Articles of Organization of Timbers-Esperanza Management Company, LLC, at 3, Art. X, *see* Ex. 3 to Mitchell Decl. In July 2014, Timbers Company, Inc. became known as Chockstone, Inc., a

Colorado corporation with its principal place of business in Colorado.  *See* Spencer Decl. ¶ 4, Ex. 2 to Mitchell Decl.; July 28, 2014 Articles of Amendment of Timbers Company, Inc., *see* Ex. 4 to Mitchell Decl.; Chockstone, Inc. Summary, History and Documents, *see* Ex. 5 to Mitchell Decl.

In August 2014, Chockstone, Inc. contributed and assigned 100% of its right, title and interest in Defendant Timbers Resort Management, LLC to Timbers Holdings, LLC, a Delaware limited liability company.  *See* Spencer Decl. ¶ 5, Ex. 2 to Mitchell Decl.; August 15, 2014 Contribution Agreement, *see* Ex. 6 to Mitchell Decl.; Timbers Holdings, LLC Entity Details, *see* Ex. 7 to Mitchell Decl.  Therefore, Timbers Holdings, LLC is a member of Defendant Timbers Resort Management, LLC.  *See* Spencer Decl. ¶ 6, Ex. 2 to Mitchell Decl.; Declaration of Cary A. Kleinman ("Kleinman Decl.") ¶ 3, *see* Ex. 8 to Mitchell Decl.  In August 2014, Timbers Grand Avenue Partners, LLC, a Delaware limited liability company, purchased limited liability company membership interests of Timbers Holdings, LLC and thereby became a member of Timbers Holdings, LLC.  *See* Spencer Decl. ¶ 7, Ex. 2 to Mitchell Decl.; Kleinman Decl. ¶ 4, *see* Ex. 8 to Mitchell Decl.; Timbers Grand Avenue Partners, LLC Entity Details, *see* Ex. 9 to Mitchell Decl.

Oaktree Real Estate Opportunities Fund VI, L.P., a Delaware limited partnership, is a member of Timbers Grand Avenue Partners, LLC.  *See* Kleinman Decl. ¶ 5, Ex. 8 to Mitchell Decl.; and Oaktree Real Estate Opportunities Fund VI, L.P. Entity Details, *see* Ex. 10 to Mitchell Decl.  Oaktree Real Estate Opportunities Fund VI GP, L.P., a Delaware limited partnership, is a general partner of Oaktree Real Estate Opportunities Fund VI, L.P.  *See* Kleinman Decl. ¶ 6, Ex. 8 to Mitchell Decl.; and Oaktree Real Estate Opportunities Fund VI GP, L.P. Entity Details, Ex. 11 to Mitchell Decl.  Oaktree Fund GP II, L.P., a Delaware limited partnership, is a limited partner of Oaktree Real Estate Opportunities Fund VI GP, L.P.  *See* Kleinman Decl. ¶ 7, Ex. 8 to Mitchell Decl.; and Oaktree Fund GP II, L.P. Entity Details, Ex. 12 to Mitchell Decl.  Todd Liker, a New

York resident, is a limited partner of Oaktree Fund GP II, L.P.  *See* Kleinman Decl. ¶ 8, Ex. 8 to Mitchell Decl.; and Declaration of Todd Liker, Ex. 13 to Mitchell Decl.

Accordingly, Defendant Timbers Resort Management, LLC is a citizen of New York for diversity purposes.  *See* Kleinman Decl. ¶ 9, Ex. 8 to Mitchell Decl.  This is diagrammed as follows:



## **ARGUMENT**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a district court may refer to evidence outside the pleadings without converting the motion to dismiss into a motion for summary judgment. *See id.* (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)); Fed. R. Civ. P. 12(d). The plaintiff bears the burden of proving by a preponderance of evidence that subject matter jurisdiction exists. *See Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As shown herein, Plaintiff cannot meet its heavy burden and the Court must dismiss its Complaint for lack of subject matter jurisdiction.

"The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." 28 U.S.C. § 1332(a). For purposes of this diversity jurisdiction, a limited liability company has the citizenship of its membership and a limited partnership has the citizenship of each of its general and limited partners. *See Handelsman v. Bedford Village Assocs. Ltd. P'ship.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)). *Accord Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *CVP II, LLC v. DTG New York Mgmt. LLC*, 2016 WL 9409023, at *1 (S.D.N.Y. Aug. 26, 2016); *Bischoff v. Boar's Head Provisions Co., Inc.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. June 29, 2006).

Defendant Timbers Resort Management, LLC is not a corporation—contrary to Plaintiff's allegation—but a limited liability company, and therefore its citizenship depends on its members. It is undisputed that Defendant Timbers Resort Management, LLC's initial member, Timbers Company, Inc., became Chockstone, Inc., which then contributed and assigned 100% of its right, title and interest in Defendant Timbers Resort Management, LLC to Timbers Holdings, LLC, making Timbers Holdings, LLC a member of Defendant Timbers Resort Management, LLC.  It is also undisputed that Timbers Holdings, LLC has a member Timbers Grand Avenue Partners, LLC, which has a member Oaktree Real Estate Opportunities Fund VI, L.P., which has a general partner Oaktree Real Estate Opportunities Fund VI GP, L.P., which has a limited partner Oaktree Fund GP II, L.P., which has a limited partner Todd Liker, a New York citizen.  Accordingly, it is clear that Defendant Timbers Resort Management, LLC is a citizen of New York for diversity purposes.

The overlap of New York citizenship among Plaintiff and Defendant destroys diversity, and therefore this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a).

## **CONCLUSION**

Based upon the foregoing facts and legal authorities, the Court must dismiss Plaintiff's Complaint against Defendant for lack of subject matter jurisdiction.

Dated: November 1, 2019.

        Respectfully submitted,

        THE GRABER LAW FIRM

        By: /s/ Daniel Graber
        Daniel Graber
        (DG 6115)
        360 Lexington Avenue
        Suite 1502
        New York, New York 10017
        Tel.: (212) 877-9009
        E-mail: dgraber@graberfirm.com

        -and-

        Robert D. Mitchell
        TIFFANY & BOSCO, P.A.
        2525 East Camelback Road, 7th Floor
        Phoenix, Arizona 85016
        Tel: (602) 255-6000
        E-mail: rdm@tblaw.com
        *Pro hac vice application pending*

        Counsel for Defendant